Scofield, J.,
delivered the opinion of the court:
This is a suit to recover the amount of a check given to the claimant and lost under the following circumstances :
The claimant resided at Springerville, Ariz. June 15,1889, he contracted with Major Kimball, of the United States Army, *177 and chief quartermaster of the Department of Arizona, to deliver 1,900 cords of wood, at the rate of $3.09 a cord. June 28, 1889, he further contracted to deliver 950,000 pounds of hay at the rate of 95 cents for 100 pounds. The wood and hay were duly delivered and proper vouchers given, for which the claimant gave receipts.
For these vouchers a check, dated January 14, 1890, was drawn upon the Los Angeles National Bank, a Government depository, in favor of the claimant, by T. E. True, assistant quartermaster of the United States, for the sum of $4,342.50, and sent by mail to the claimant, at Springerville. The claimant indorsed the checks, specially, to the First National Bank at Albuquerque, N. Mex., where he kept his accounts, and mailed it in a registered letter to that bank. The night of its arrival at that place, January 23, 1890, and before delivery, the post-office was entered by masked robbers and rifled of its valuable contents, including all the registered letters.
Notice of the loss was forthwith given to the quartermaster, and also to the Los Angeles Bank, and payment stopped.
A reward was offered for the apprehension of the robbers, but they have never been discovered, nor has any of the stolen property been found.
From these facts it very clearly appears that the United States are indebted to the claimant to the amount of the contract price of the wood and fodder as stated in the vouchers and check. The stolen check has not been paid nor presented, and the funds against which it was drawn áre still under the control of the Government. Notice to the bank that the check had been stolen, as well as the failure to present it within a reasonable time, precludes the possibility of an innocent payment in the future.-
The counsel for the Government does not question the justness of the claim, but contends that, under sections 306,307, 308, 310, and 3646 of the Revised Statutes, payment must be postponed for 3 years from the date of the check.
We do not understand that these provisions impose this hardship upon the claimant. Sections 306,307,308, and 310 simply provide that money standing to the credit of disbursing officers, against which drafts or checks have been drawn, but not presented for payment within 3 years, shall be withdrawn from such disbursing officers, covered into the Treasury, and carried to the credit of the payees of such outstanding drafts or checks.
*178 Section 3646 authorizes disbursing officers to issue duplicate checks when the originals have been lost, stolen, or destroyed after the expiration of 6 months and within 3 years from the date of the originals and when the amount does not exceed $1,000. This amount has been enlarged to $2,500 by the act of February 16,1885. While this section authorizes disbursing officers to duplicate small checks which have been lost, stolen, or destroyed, and certain other executive officers to pay them “ upon notice and proof of the loss of the original checks,” it can hardly be said to deprive this court of its general jurisdiction to hear and decide upon all such cases, certainly not upon cases not therein provided for. Congress appears to have thought that proof of the loss of small checks, where the opportunity and motive for fraud are correspondingly small, might safely be left to the informal and ex parte investigating of disbursing officers, but large alleged losses should still undergo the scrutiny and publicity of judicial investigation.
The claimant proposes to indemnify the Government by satisfactory sureties against loss by reason of the outstanding check. Although the possibility of loss under the facts of this case is extremely remote, it is proper, if the judgment of the court shall be finally paid at the Treasury, that a bond of indemnity should be then taken.
The court directs judgment to be entered in favor of the claimant for $4,342.50.